*In re* LAKE ESTATE

HOLLOMON v HAYES

Docket No. 62228. Submitted June 7, 1983, at Lansing.—Decided August 16, 1983.

Nina A. Lake died intestate. She was survived by seven nieces and one nephew, but with no surviving spouse, issue, parents, or brothers or sisters. She was also survived by three grandnieces, the children of a nephew who had predeceased her. The Cass Probate Court, Michael E. Dodge, J., ordered that the nieces and nephew were the decedent's sole heirs at law and that the grandnieces were not heirs at law. The grandnieces appealed. *Held:*

The order of the probate court should be affirmed. The express language of the probate code permits only the children of the deceased brothers and sisters to share in the decedent's estate. The code precludes the grandnieces from sharing in the estate.

Affirmed.

1. Statutes — Judicial Construction.

Judicial interpretation of a statute is unnecessary where the language of the statute is clear and unambiguous.

2. Descent and Distribution — Intestate Succession.

A probate court did not err in ruling that the surviving nieces and nephews of a decedent were entitled to share the decedent's estate to the exclusion of grandnieces who were the issue of a deceased nephew where the decedent died intestate without a surviving spouse or surviving issue, parents, or brothers and sisters (MCL 700.106[c]; MSA 27.5106[c]).

*Westrate & Holmstrom* (by *Jeffrey R. Holmstrom),* for petitioner.

References for Points in Headnotes
[1] 73 Am Jur 2d, Statutes § 194.
[2] 23 Am Jur 2d, Descent and Distribution § 55.

*Hadsell, Landgraf & Smith* (by *Philip A. Hadsell, Jr.),* for respondent.

Before: DANHOF, C.J., and ALLEN and K. N. HANSEN,* JJ.

DANHOF, C.J. Appellants, three grandnieces of decedent, Nina A. Lake, appeal as of right from an order of the probate court denying their claim to a share of the estate of decedent.

Decedent died intestate on October 31, 1980. She was survived by seven nieces and one nephew. She was also survived by appellants who were the children of another nephew who predeceased decedent. The probate court ruled that the nieces and nephews were entitled to share in decedent's estate to the exclusion of appellants.

The Revised Probate Code, MCL 700.1 *et seq.;* MSA 27.5001 *et seq.,* sets forth the manner of distribution of a decedent's estate where decedent dies intestate:

"Sec. 106. The part of the intestate estate not passing to the surviving spouse under section 105 or the entire intestate estate if there is not a surviving spouse, shall pass as follows:

"(a) To the issue of the decedent. If they are all in the same degree of kinship to the decedent they shall take equally, but if of unequal degree, then those of more remote degrees take by representation.

"(b) If there is no surviving issue, to his or her surviving parents equally.

"(c) If there is no surviving issue or parent, to the brothers and sisters and children of deceased brothers and sisters of the decedent. If they are all in the same degree of kinship to the decedent they shall take equally, but if of unequal degree, then those of more remote degree take by representation.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(d) If there is no surviving issue, parent, brothers or sisters, or children of deceased brothers and sisters of a decedent, but the decedent is survived by 1 or more grandparents or issue of grandparents, 1/2 of the estate shall pass to the surviving paternal grandparents, or to the issue of the paternal grandparents if both are deceased, the issue to take equally if they are all of the same degree of kinship to the decedent, but if of unequal degree then those of more remote degree shall be excluded; and the other 1/2 shall pass to the maternal relatives in the same manner; but if there is no surviving grandparents or issue of grandparents on the paternal or maternal side, the entire estate shall pass to the relatives on the other side in the same manner as the 1/2.

"(e) If an eligible survivor is not then known or determinable to take under subdivisions (a) to (d), then to the state by escheat." MCL 700.106; MSA 27.5106.

The parties are in agreement that distribution in this case was governed by § 106(c) quoted above. Decedent's brothers and sisters all predeceased decedent. Therefore, the statute only permitted the "children" of the deceased brothers and sisters to share in decedent's estate. The term "child" is defined in § 3 of the code, MCL 700.3; MSA 27.5003:

"Sec. 3.

* * *

"(3) 'Child' includes a person entitled to take as a child under this act by intestate succession from the parent whose relationship is in question and excludes a stepchild, a foster child, a granchild, or any more remote descendant who is not so entitled to inherit."

Since appellants are grandchildren of decedent's deceased brothers and sisters, the express language of the code precludes their claim. It is well-established that, where the language of a statute is clear and unambiguous, further interpretation is

unnecessary. *Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959). Had the Legislature intended to permit heirs of a decedent who are of a more remote degree of kinship than children of the deceased brothers and sisters to inherit pursuant to § 106(c), it would have used the term "issue", rather than the term "children", in § 106(c) as it did in § 106(a) and § 106(d):

"Sec. 7.

\* \* \*

"(6) 'Issue' of a person means all of the person's lineal descendants of all generations, except those who are descendants of a living descendant, with the relationship of parent and child at each generation being determined by the definitions of child and parent contained in this act." MCL 700.7; MSA 27.5007.

We reject appellants' claim that the Legislature's use of the term "issue" in § 108 of the code, MCL 700.108; MSA 27.5108, requires a finding that appellants were entitled to a share of decedent's estate. Section 108 sets forth the manner in which intestate shares are to be computed once the right to distribution is determined. It is by reference to § 106, not § 108, that the right to distribution is determined. The Legislature's use of the term "issue" in § 108 only refers to those provisions in § 106 which give issue a share of decedent's estate, *i.e.,* § 106(a); § 106(d).

Since appellants are not children of decedent's deceased brothers and sisters, their only claim to a share of decedent's estate was pursuant to § 106(d). Since there were children of decedent's deceased brothers and sisters who survived decedent, the entire estate passed pursuant to § 106(c) to the exclusion of appellants.

The decision of the probate court is affirmed. Cost to appellees.